```
               UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF FLORIDA

             CASE NO. 09-80053-CIV-ZLOCH
```

NANCY AYALA,

        Plaintiff,

vs.  **O R D E R**

AMERICAN SECURITY INSURANCE
COMPANY,

        Defendant.
_____/

THIS MATTER is before the Court upon Plaintiff Nancy Ayala's Motion To Compel (DE 13).  The Court has carefully considered said Motion and the entire court file and is otherwise fully advised in the premises.

By the filing of the instant Motion, Plaintiff sought numerous discovery rulings from the Court.  In its Response, Defendant has informed the Court that it withdrew most of the objections it lodged to Plaintiff's discovery requests.  The seven that remain pending are, to the Court's understanding without benefit of a Reply by Plaintiff, Requests for Production 12, 13, 14, and 17, Requests for Admission 15 and 23, and Interrogatory 10.[1]

In Request for Production 12, Plaintiff seeks the production of the entire underlying claims file, including all e-mail, text messages, and any other form of communication.  DE 17, p. 2.  The

---

[1] These numbers are taken from the numbering scheme found in Defendant's Response.  DE 17.

Court finds that Defendant's objection, which goes to only a portion of the claims file, is legitimate. As of January of 2007, the claims file became protected by the work product doctrine because Defendant anticipated litigation. Fed. R. Civ. P. 26(b)(3)(A). No Reply being filed, no exception to the work product doctrine has been shown and the Court will enforce the same. Defendant shall produce the entire claims file prior to January 2007 not protected by attorney-client privilege.

In Request for Production 13, Plaintiff seeks the discovery of the entire personnel file of every employee of Defendant that had any participation in decisions regarding the payment or non-payment of money on her insurance claim. The Court finds that this request is overly broad. While the names and contact information of these individuals might be discoverable, Plaintiff has shown neither a need for their entire personnel files nor that those files are relevant to this action. This relief will be denied.

With respect to Request for Production 14, Defendant has agreed to produce all responsive documents not protected by attorney-client privilege or the work product doctrine. Relief consistent with this response will be ordered.

Defendant incorporates its Response to Request for Production 9 to its Response to Request for Production 17. DE 17, p. 5. As noted in the Response (DE 17, p. 2), it withdrew its Response to 9, and so the same is withdrawn as to 17. Defendant shall produce the documents sought by Request for Production 17.

Defendant argues that Request for Admission 15 is vaguely and ambiguously stated. It seeks a statement agreeing or disagreeing with the statement that Defendant paid every estimate in full related to Plaintiff's claim. Defendant argues that the terms are undefined and thus the Request is ambiguous because it may have properly deducted portions of estimates and then paid the "correct" but altered estimate in full. The Court finds that Request for Admission 15 is vague and ambiguous, and Plaintiff has not filed a Reply clarifying what it seeks by this Request. Relief on this Request will be denied.

The same can be said for Request for Admission 23, which deals with owing interest on payments to Plaintiff. As no payments have been adjudicated to be owing, and what payment(s) this Request refers to, the meaning is unclear. Relief will be denied for the reasons Defendant asserts. DE 17, p. 6.

Finally, Plaintiff seeks a full and complete Response to her Interrogatory 10, which sought a statement of agreement or disagreement to numerous estimates Plaintiff received. See DE 17, p. 7. Defendant attached an example of one estimate as Exhibit B to its Response (DE 17). That document is twelve pages long and contains a substantial number of damage estimates. The Court finds that this interrogatory is not calculated to lead to the discovery of admissible evidence and compliance with it would be overly burdensome. Whatever could be gained by having Defendant comb through and state its agreement or disagreement with the same is

3

far outweighed by the burden on Defendant to undertake that task. Moreover, yoking Defendant with that burden is not calculated to lead Plaintiff to the discovery of admissible evidence. Relief as to Interrogatory 10 will be denied.

Defendant has failed to provide Plaintiff with a privilege log as required by Federal and Local Rule and has withdrawn many objections after the filing of the instant Motion. Therefore, a sanction could be imposed against it. Fed. R. Civ. P. 26(b)(5)(A); S.D. Fla. L.R. 26.1.G.3.c; Fed. R. Civ. P. 37(a)(5)(A). However, the Court is granting no relief on the instant Motion other than forcing Defendant to turn over the privilege log and ordering what Defendant has agreed to produce. Thus, she also could be sanctioned. Fed. R. Civ. P. 37(a)(5)(B). Therefore, the Court shall not award attorney's fees to either Party.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Nancy Ayala's Motion To Compel (DE 13) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

1. To the extent that Plaintiff Nancy Ayala's Motion To Compel (DE 13) seeks an Order compelling production on her Request for Production 12, 14, and 17, it be and the same is hereby **GRANTED** as follows:

a. By <u>noon</u> on <u>Friday, July 24, 2009</u>, Defendant shall produce documents responsive to Request for Production 12 not protected by

4

attorney-client privilege and created before January 2007, produce all documents responsive to Request for Production 14 not protected by attorney-client privilege or the work product doctrine, and produce all documents sought by Request for Production 17;

b. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(A) and Local Rule 26.1.G.3.c, by <u>noon</u> on <u>Friday, July 24, 2009</u>, Defendant shall produce a privilege log covering all documentation withheld on the claim of attorney-client privilege or protection of the work product doctrine; and

2. In all other respects, that Plaintiff Nancy Ayala's Motion To Compel (DE 13) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___30th___ day of June, 2009.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

5